DONALD J. AND LILLIAN JOY MIRAVALLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miravalle v. Commissioner
Docket No. 7251-93
United States Tax Court
T.C. Memo 1995-349; 1995 Tax Ct. Memo LEXIS 348; 70 T.C.M. (CCH) 220; July 31, 1995, Filed *348 Decision will be entered under Rule 155. Donald J. and Lillian Joy Miravalle, pro se. For Respondent: Howard P. Levine. GERBER
GERBER
MEMORANDUM FINDING OF FACTS AND OPINION GERBER, Judge: Respondent determined Federal income tax deficiencies for petitioners' 1988 and 1989 tax years in the amounts of $ 1,082.90 and $ 23,508.58, respectively. Respondent also determined additions to tax under section 6653(a) [1] *349 for 1988 and section 6662(a) for 1989 in the amounts of $ 54 and $ 4,700, respectively. After concessions by the parties, the issues [2] remaining for our consideration are: (1) Whether petitioners are entitled to deduct depreciation and other expenses in connection with their yacht, the Ophelia; (2) whether amounts expended for two boat slips and/or a condominium were ordinary and necessary expenses under section 162; (3) whether certain expenditures to reinstall a door on petitioners' business premises were deductible or represent capital improvements; and (4) whether petitioners are liable for additions to tax under section 6653(a) for 1988 and section 6662(a) for 1989.
FINDINGS OF FACT Petitioners, who were married at all pertinent times, maintained their legal residence in St. Petersburg, Florida, at the time their petition was filed in this case. Petitioner Donald J. Miravalle has been in the boat business and involved with boats since 1947. Over the years, he has designed and built over 100 boats and bought and sold used and new boats. Petitioners, during 1988 and 1989, were engaged in the business of manufacturing and selling about 600 marine air conditioners per annum. Marine air conditioners are specially designed because of weather conditions and the shape and limited size of boats. Sales of marine air conditioners were made primarily through telephone and mail solicitations. During 1988 and 1989, petitioners did not engage in the installation of their product. The marine air conditioners were designed for installation *350 by the purchasers. Mr. Miravalle's place of business had both administrative and manufacturing facilities combined in one building complex. The buildings and additions were designed to accommodate boats about 75 feet long by 22 feet wide by 22 feet high. Petitioners' source of income was the manufacture and sale of marine air conditioners, but they intended to use their business buildings in connection with the manufacture, purchase, and/or sale of boats. During 1985, petitioners purchased a 1982 vintage 56-foot sailboat (the Ophelia) for $ 125,000. The funds to purchase the Ophelia came from petitioners' investment account with a stock brokerage firm. Petitioners did not pay local sales tax on the purchase of the boat because they used a tax-exempt number in connection with the purchase. The tax-exempt number was obtained by petitioners because they had also secured a boat dealer's license during 1985. Petitioners' Federal income tax returns for 1984 through 1989 did not reflect any business or investment activity regarding the sale of boats. Mr. Miravalle installed one of the marine air conditioners on the Ophelia, which occasionally was used for demonstration purposes. *351 At the time of purchasing the Ophelia, petitioners already owned five or six power boats, including a 28-foot cabin cruiser and several runabouts. Petitioners had joined a yacht club during 1985, before purchase of the Ophelia, and during 1988 and 1989 they rented boat slips for the Ophelia at the yacht club and another location. Petitioners made efforts to sell the Ophelia for $ 200,000. Petitioners did not claim any deductions regarding the Ophelia or the yacht club on their 1985 through 1988 tax returns. On their 1989 return, petitioners claimed depreciation and other expenses connected with the Ophelia. Petitioners used the Ophelia for a sailing trip to the Dry Tortugas, stopping at Sarasota, Venice, Naples, and other locations along the west coast of Florida en route. The Ophelia was registered to race at the yacht club. No record or log of persons who may have been entertained on the Ophelia was maintained by petitioners. Beginning July 1, 1989, petitioners leased a condominium at Clearwater Beach, Florida, for $ 1,000 per month. The condominium furnishings were acquired for $ 8,550.94, and petitioners claimed depreciation based on a 5-year *352 life. Petitioners claimed the rental payments as business deductions on their 1989 income tax return. The lease agreement permitted subletting or assignment of the condominium. There was no use of the condominium by petitioners' business clients. Petitioners purchased two buildings adjoining their business property during 1986. Shortly after the purchase of the buildings, petitioners built a 7,500-square-foot addition to their business property, which included a 22-foot square steel door. Due to improper installation, petitioners incurred a $ 1,120 expense to repair the door. OPINION Depreciation and Other Expenses in Connection With the Yacht, Ophelia -- Petitioners claimed $ 22,500 depreciation for 1989 and boat cleaning expenses of $ 245 and $ 585 for 1988 and 1989, respectively, in connection with their yacht, the Ophelia. Petitioners bear the burden of showing that respondent erred. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). In order to be entitled to depreciation or deductions under section 162 or 212, petitioners must demonstrate a profit objective for their activity in connection with the Ophelia. Jasionowski v. Commissioner, 66 T.C. 312, 320-322 (1976). *353 Petitioners testified and argued that the purpose of purchasing the Ophelia was for investment. In order to convince us that the Ophelia was for investment purposes, petitioners pointed out that they already had about five power boats, they were not interested in sailing, and they were in the business of buying and selling boats, as evidenced by their tax-exempt number and boat dealer's license obtained during 1985. Factually, petitioners' testimony is not supported by other evidence in the record. There is no evidence that any boats, other than the Ophelia, were bought or sold by petitioners during the 6-year period 1984 through 1989. Petitioners took an extensive cruise on the Ophelia to the Dry Tortugas and also sailed it from Fort Lauderdale to their home after the initial purchase. Moreover, petitioners maintained a membership in a yacht club, and they also maintained two boat slips, which could have been, and likely were, occupied by the Ophelia. Although petitioners attempted to convince us that the Ophelia, yacht club membership, boat slips, and all their boating activities were business related, we find petitioners' unsupported testimony insufficient *354 to carry their burden. We remain unconvinced because petitioners have not presented a scintilla of evidence, other than their generalized testimony, showing any business use. In addition, their alleged business use would have been incidental; i.e., demonstration of the marine air conditioner installed on the Ophelia to employees. Accordingly, we hold that petitioners are not entitled to deduct $ 22,500 depreciation for 1989 and boat cleaning expenses of $ 245 and $ 585 for 1988 and 1989, respectively, in connection with their yacht, the Ophelia. Deductions for Lease of Boat Slips and Condominium, and Depreciation on Condominium Furnishings -- During 1988 and 1989, petitioners leased two boat slips and deducted the lease payments as business expenses on their respective Federal income tax returns. Beginning July 1, 1989, petitioners leased a condominium for $ 1,000 per month and purchased furnishings for $ 8,550.94. Petitioners claimed the lease payments and depreciation on the furnishings as business deductions on their 1989 Federal income tax return. Respondent disallowed the deductions connected with the leases and furnishings. Petitioners bear the burden of showing *355 that respondent erred. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Concerning the leases of the two boat slips, petitioners claim that the rent payments are deductible because they were used in their marine air conditioner business. In order to be deductible, these expenditures must be ordinary and necessary within the meaning of section 162 or 212. An ordinary expenditure must have a proximate connection to the conduct of profit-seeking activity. Larrabee v. Commissioner, 33 T.C. 838 (1960); U.S. Equip. Co. v. Commissioner, T.C. Memo. 1963-261. Petitioners claimed the boat slips were to be used for the installation of marine air conditioners. Although the evidence on the use of the slips is sparse, the only use reflected in the record is by the Ophelia. More specifically, petitioners' marine air conditioner business during 1988 and 1989 did not include installations. The product was sold by telephone and mail solicitation and other advertising. Due to that approach, many customers were outside of petitioners' locality. Finally, petitioners did not provide any specific evidence *356 of installations or use of the slips for business purposes other than their general and uncorroborated testimony. Accordingly, petitioners are not entitled to claim the slip rental payments as ordinary and necessary business expenses. Concerning the condominium and furnishings, petitioners also claimed that the expenditures and depreciation are deductible for 1989 because of business use. The standard for deductibility of these items is the same as for the boat slip rental payments. Here, again, petitioners have merely provided uncorroborated testimony and no evidence of use for business purposes or for any profit-seeking activity. It was claimed that the condominium was for the use of clients, but no specifics or information about that use was forthcoming. Accordingly, we find that petitioners are not entitled to claim the condominium rental payments and depreciation on the furnishings for 1989. Expenditures Concerning Door to Business Premises -- Capital Improvement Versus Repair -- During December 1988, petitioners paid $ 1,120 to reinstall a 22-foot square door on their business premises. The door had originally been installed as part of a building addition. Thereafter, *357 the door malfunctioned and had to be removed and reinstalled. Respondent questioned whether the $ 1,120 expenditure was a currently deductible expense or whether it constituted a capital improvement. Section 1.162-4, Income Tax Regs., defines currently deductible repairs as those which "neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition". The regulation goes on to label as capital expenditures "Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property". It appears evident that the expenditure to reinstall the door is in the nature of a repair because the door had already been constructed and was being repaired because it did not function properly. Petitioners had made the capital expenditure to acquire the door, and the subsequent cost to make it work properly does not "materially add to the value of the property nor appreciably prolong its life, but [keeps] it in an ordinarily efficient operating condition". Accordingly, petitioners are entitled to deduct the $ 1,120 repair expense in their 1988 taxable year. Additions *358 to Tax for Negligence or Intentional Disregard of the Rules or Regulations -- Respondent determined additions to tax for petitioners' 1988 and 1989 tax years for negligence or intentional disregard of the rules or regulations under sections 6553(a) and 6662(a), respectively. Negligence has been held to be a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden of showing that they are not liable for the additions to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners claimed deductions regarding the rental for boat slips, a condominium, and furnishings, none of which were for a business or profit-making purpose. Some of these deductions involved obvious personal expenditures, which were claimed by petitioners only by the furthest reach of imagination. Accordingly, we find that petitioners are liable for additions to tax under section 6653(a) for 1988 and section 6662(a) for 1989. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the periods under consideration, and Rule references are to this Court's Rules of Practice and Procedure.↩
2. Petitioners moved to stay the sale of property seized in connection with another case of petitioners. See Miravalle v. Commissioner, 105 T.C.     (1995), and Miravalle v. Commissioner, T.C. Memo. 1994-49↩.